## STANLEY v. BOARD OF SUP'RS OF ALBANY COUNTY.

*(Circuit Court, N. D. New York.　——, 1880.)*

1. JURISDICTION OF CIRCUIT COURT—SUIT BY ASSIGNEE—ACT OF MARCH 3, 1875—Under the act of March 3, 1875, no circuit court can assume jurisdiction of any suit founded on contract in favor of an assignee, unless a suit might have been prosecuted in such court to recover thereon if no assignment had been made, except in cases of promissory notes negotiable by the law merchant and bills of exchange, even in cases where no plea has been interposed to the jurisdiction, nor objection taken to the jurisdiction either upon the trial or argument.—[ED.

　　*Jackson* v. *Ashton*, 8 Pet. 148.

WALLACE, D. J.　The complaint in this action must be dismissed because the court has no jurisdiction of the controversy it discloses. The action is for money had and received,

and is brought by the plaintiff as the assignee of Chauncey P. Williams, who, as appears by the complaint, was a resident of the city of Albany, in this state. The action involves the right of the defendant to retain certain sums of money collected as taxes which the plaintiff alleges were illegally exacted. By the act of congress of March 3, 1875, it is provided that no circuit court shall have cognizance of any suit founded on contract in favor of an assignee unless a suit might have been prosecuted in such court to recover thereon if no assignment had been made, except in cases of promissory notes negotiable by the law merchant and bills of exchange. This act modifies section 11 of the act of September 24, 1789, known as the judiciary act, but not in a manner to affect the present question. The plaintiff's assignor could not have prosecuted the suit because he was a citizen of the same state with the defendant.

This disposition of the case cannot be obviated by the fact that the defendant has not interposed a plea to the jurisdiction, or objected to the jurisdiction upon the trial or argument. The objection would be fatal whenever and wherever raised. In *Jackson* v. *Ashton*, 8 Pet. 148, the supreme court reversed the decree of the court below, and dismissed the appeal when it did not appear in the bill of complaint that the parties were citizens of different states, although the counsel for the appellee was anxious that the court should hear and determine the case, and waived the objection.

The court is not permitted to take cognizance of the controversy which has been brought before it.

The complaint is dismissed accordingly.